UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Elias SARMIENTO,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>Christian PFEIFFER, Warden, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.:  20-cv-0930-WQH-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR STAY AND ABEYANCE (ECF 4)** |

All parties agree that petitioner is entitled to stay these proceedings under *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2002), *overruled on other gds. by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007). The only dispute is whether he is also entitled to the stay he prefers under *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

## BACKGROUND

In this habeas action, petitioner Jose Sarmiento asserts three grounds for relief: (1) improper exclusion of testimony, (2) jury-instruction error, and (3) ineffective assistance of counsel. (ECF 3, at 6-8.) Sarmiento says that he exhausted remedies for the first two grounds in state court, but he is mistaken. (ECF 4, at 4.) Although his state appellate counsel raised both those grounds on direct appeal, *People v. Sarmiento*, No. D072571, 2019 WL 964015, at *5-8 (Cal. Ct. App. Feb. 28, 2019), Sarmiento's California Supreme Court petition only mentioned the first one. (*See generally* ECF 12-2.) Thus, the second and third grounds remain unexhausted. To preserve his federal claims

1

while returning to state court, Sarmiento requests a *Rhines* stay or, alternatively, a *Kelly* stay. (ECF 4, at 5-10.) The State agrees to a stay under *Kelly*, but not under *Rhines*. (ECF 11, at 2.)

## DISCUSSION

A state prisoner must exhaust available state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court adopted a "total exhaustion rule," requiring federal courts to "dismiss habeas petitions containing both unexhausted and exhausted claims." *Id*. at 522. After dismissal, an inmate may delete unexhausted claims and "resubmit a petition with only exhausted claims," or return to state court "to exhaust the remainder of [his] claims." *Id*. at 520. In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act. The AEDPA imposed a one-year statute of limitations for filing federal petitions, which had dramatic repercussions on the total-exhaustion rule. *See* 28 U.S.C. § 2244(d). Now prisoners "whose mixed petitions were dismissed under *Rose*" risked "being time-barred from bringing their claims again, once exhausted, in federal court." *King v. Ryan*, 564 F.3d 1133, 1138 (9th Cir. 2009).

Courts responded to this dilemma by developing two distinct procedures: the *Rhines* stay and the *Kelly* stay. Both are analyzed below.

**A.    *Rhines* Stay**

*Rhines* allows petitioners to stay an entire petition—including unexhausted claims—while they return to state court to exhaust their remedies. *Rhines*, 544 U.S. at 278. A court may grant a *Rhines* stay when (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. Good cause requires more than just a "bald assertion." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). Instead, a good-cause showing "turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust]." *Id*.

### 1. *Ground Two (Jury-Instruction Error)*

Sarmiento's misunderstanding about whether his second ground was exhausted is not good cause. "[A] petitioner [does] not establish good cause simply by alleging that he was 'under the impression' that his claim was exhausted." *Id*. at 981. And "unspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement." *Id*. "[I]f the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner . . . could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). So, there is no good cause for failing to exhaust Ground Two.

### 2. *Ground Three (Ineffective Assistance of Counsel)*

Sarmiento argues that he had good cause for not exhausting his third ground—ineffective assistance of counsel—because his state "appellate counsel did not go beyond the record" to identify his trial attorney's errors. (*See* ECF 4, at 7.) In particular, counsel allegedly failed "to find the missing evidence, challenge false evidence or investigate the facts that would give [Sarmiento] relief." (*Id*.; *see also* ECF 13, at 3-4.)

Ineffective assistance "by post-conviction counsel can be good cause for a *Rhines* stay." *Blake*, 745 F.3d at 983. In *Blake*, petitioner argued that his post-conviction counsel failed to "discover easily identifiable claims that [petitioner] had endured outrageous and severe sexual, physical and emotional abuse as a child and suffered from organic brain damage and psychological disorders." *Id*. at 979 (quotation marks omitted). Petitioner supported his good-cause argument with "a neuropsychological and psychological evaluation report," "a declaration by the private investigator," and "thirteen declarations" from his family and friends describing "the abhorrent conditions of [petitioner's] upbringing." *Id*. at 983. Yet post-conviction counsel presented none of this in court. *Id.* The Ninth Circuit found that petitioner's showing "was not a bare allegation of state post-conviction [ineffective assistance], but a concrete and reasonable excuse, supported by evidence" that "satisfie[d] the *Rhines* good cause standard." *Id*. at 983-84.

3

Unlike the *Blake* petitioner who went far beyond a "bare allegation," Sarmiento only supports his good-cause argument with conclusory statements. *See Blake*, 745 F.3d at 983; (*see generally* ECF 4; ECF 13). Thus, there is no good cause for his failure to exhaust the third ground, and we "need not reach the other two factors in the *Rhines* test." *See Wooten*, 540 F.3d at 1023. Sarmiento does not qualify for a *Rhines* stay.

**B.   *Kelly* Stay**

Unlike a *Rhines* stay, *Kelly* only holds in abeyance "*fully exhausted* petitions, requiring that any unexhausted claims be dismissed" while the petitioner returns to state court. *King*, 564 F.3d at 1140. Prisoners may later amend their petitions to re-attach newly-exhausted claims, but the claims must be timely under the AEDPA or "relate back" to the pending fully exhausted petition. *Id.* at 1140-41. Due to these constraints, *Kelly* is "not only a more cumbersome procedure" than *Rhines*, "but also a riskier one." *Id.* at 1140.

On the other hand, *Kelly* "does not require that a petitioner show good cause." *King*, 564 F.3d at 1135. A *Kelly* stay is "particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period . . . ." *Kelly*, 315 F.3d at 1070. That is the situation here. The one-year limitation for filing a federal habeas petition expired on September 10, 2020.[1] Because Sarmiento filed his amended habeas petition on July 16, 2020, his current petition is timely, but future amendments won't be. (ECF 3.) If the Court were to dismiss this mixed petition

---

[1] On June 12, 2019, the California Supreme Court denied Sarmiento's petition for review. *People v. Sarmiento*, No. S255153, 2019 Cal. LEXIS 4187, at *1 (Cal. June 12, 2019). Sarmiento did not seek certiorari, so his conviction became final when the "ninety-day certiorari period" lapsed on September 10, 2019. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitations period ended one year later, on September 10, 2020. *See* 28 U.S.C. § 2244(d)(1).

Although collateral review statutorily tolls the limitation, this only applies during state habeas corpus review, not during a pending federal petition. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). There is no indication that Sarmiento filed any state habeas petitions, so statutory tolling is unavailable. Furthermore, neither party has raised any equitable-tolling arguments.

"outright" under *Rose*, it would be "unlikely or impossible" for Sarmiento to re-file in federal court. *See Kelly*, 315 F.3d at 1070. So, Sarmiento is entitled to a *Kelly* stay.

A *Kelly* stay involves three steps: (1) Sarmiento must "amend[] his petition to delete any unexhausted claims"; (2) the Court then "stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to state court to exhaust the deleted claims"; and (3) Sarmiento "later amends his petition and re-attaches the newly-exhausted claims to the original petition." *See King*, 564 F.3d at 1135.

## CONCLUSION

The Court recommends that the following orders be entered:

1. Sarmiento's motion for a *Rhines* stay is **DENIED**.

2. Sarmiento's motion for a *Kelly* stay is **GRANTED**.

3. Within 30 days, Sarmiento must file a Notice of Dismissal to dismiss without prejudice his unexhausted claims (Grounds Two and Three of his First Amended Petition). If Sarmiento fails to timely withdraw his unexhausted claims, the Court will dismiss the entire mixed petition.

4. The parties must jointly file periodic status reports summarizing Sarmiento's efforts to exhaust his dismissed claims. The first report will be due by March 1, 2021, and subsequent reports will be due every three months thereafter (that is, June 1, 2021; September 1, 2021; etc.).

5. Within 45 days of the state court's decision resolving his claims, Sarmiento must file a motion requesting that the stay be lifted and that he be granted leave to file an amended petition. The request should include his proposed amended petition and demonstrate that the new claims are timely or relate back to the pending petition.

The parties must file any objections to this report by January 21, 2021. *See* 28 U.S.C. § 636(b)(1). The party receiving any such objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated:  January 7, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge